Catron, J.
delivered the opinion of the court. The sing|fi qUes(qon jn this cause is, can a defendant plead in bar a conviction, judgment and execution upon one indictment, a felony not capital, to all other indictments for felonies not capital, committed before such conviction, judgment and execution? It is frankly avowed by the attorney for the government, that the object of this cause having been brought here, was to test this point, which is deemed a doubtful one by the circuit courts, as we are informed.
The first inquiry is, what was the common law upon the subject, as regulated by the statutes of 8 Eliz. ch. 4, and 18 Eliz. ch. 7? By the common law, all felons convicted of crimes, not affecting the king, were entitled to the benefit of clergy for the first offence. All laymen who could read, were burnt in the hand, and those who were of the clergy and peers, were not branded; after which, the offender was delivered to the ordinary, to be dealt with according to the ecclesiastical canons. Then the defendant went through another trial, the object of which was, to acquit and restore him to all his civil rights, in point of fact; but should the jury agree in the justice of the common law conviction, the culprit was degraded, and compelled to do penance. (2 Hawk. P. C. sec. 5, ch. 33; 1 Chitty,s Cr. Law 667.)
That this latter trial was amere mockery, and intended to support the ascendency of the church over the state, will be admitted; yet many of the consequences of this mode of proceeding still remains a part of the English law. The 18 Eliz. ch. 7, provides, that upon a defendant being admitted to his clergy, he should not be delivered to the ordinary, but should be branded and discharged. (2 Hawk. P. C. ch. 33, sec. 124.)
The branding followed the prayer of the benefit of clergy by the act of 4 H. 7, ch. 13—M for murder, and T for any other felony, was inflicted in open court, not as a punishment, but as an evidence that clergy had been allowed to the defendant; by force of which statute, branding is to this day inflicted in open court in cases of manslaughter; and by analogy, in other cases, where the branding is a part of the punishment by statute; although no good reason can be *125 seen for this practice, in cases where it is inflicted as a part of the punishment for the offence.
Up to the 8th of Queen Elizabeth, it seems to he pretty well settled, that a conviction, judgment, branding and then delivering the culprit over to the ordinary, to he dealt with by the church according to its canons, was a bar to an arraignment for any other felony, excepting perhaps such as affected the king. This will he pretty clearly seen by the cause of the Queen vs. Stone, reported by Dyer, 2 vol. 214 b.
Stone, in the 4th year of queen Elizabeth, was indicted for a clergyable felony — convicted, prayed his benefit of clergy, and the court took time to advise, without ordering the defendant to be delivered to the ordinary. At a subsequent session, the defendant was indicted for a felony, from which the benefit of clergy had been taken away by statute, to wit, by robbing the high treasurer of England, and his servant Devyck. Defendant pleaded not guilty— was tried and convicted. It was then moved, that he be discharged, by reason of his former conviction; and it was contended, that forasmuch as the culprit had not been delivered over to Ihe ordinary, there was a conviction without execution, which was no bar to an indictment for the second offence; but the court decided that the execution was well enough, and he entitled to the same benefit thereof, as if delivered over to the ordinary — in which case he could not have been arraigned on the second indictment. (114 Pl. Com. 374.) On the 28th of May, in the 8th Eliz. Stone was a third time indicted, for the murder of Agner, the son of Devyck, who was principally privy to the robbery, which murder was done the next day after the robbery was committed — was convicted and had judgment to be hanged — the execution was respited from time to time, by command of the chief justice, but finally Stone was executed.
In the latter part of the year of the 8th of Elizabeth, the statute (8 Eliz. ch. 4, sec. 4,) was passed, declaring that a conviction, judgment and delivery to the ordinary, should not bar an indictment for a felony not clergyable, which *126 was committed before such conviction and judgment; but feion jn such case should be arraigned, tried, and if found guilty, executed, notwithstanding his former con-0fVicti.on an¿ delivery over to the ordinary. This statute is g00cj[ evidence, that before the passage of the act, the law was otherwise, to wit: that such conviction and delivery over, was a bar to an arraignment for any felony committed previous to the former conviction. (Armstrong vs. Lille, Kelyng's Rep. 103, 104.) A similar provision is found in the 18 Eliz. ch. 7, sec. 5; which provision is a recognition of the 8 Eliz. ch. 4. (See 2 Hawk. ch. 33, sec. 127.) By the 2d and 3d section of the 18 Eliz., defendants praying their clergy, shall be allowed the same, branded and discharged, without being delivered over to the ordinary; provided that the justices may cause them to be imprisoned at their discretion, not exceeding one yeai*. By this statute the defendant is entitled to the same privileges, as if delivered to the ordinary. By the common law, this was a bar to ail felonies committed: the exceptions in the 8th and 18th of Eliz. arc* only partial; that felonies not clergyable, and committed before the conviction and judgment, shall not be barred bj such conviction and judgment. But all felonies not capital, stood as they did at common law; and a conviction and punishment for one felony, is a discharge of all precedent felonies not capital; nor ought the defendant to be arraigned for such subsequent felony, if he plead the former conviction and punishment in bar. (2 Hawk. ch. 33, sec. 127, 128, ch. 36, S. N. 2 Hale 253; 4 Bl. Com. 374.)
The next inquiry is, have our statutes, against horse stealing and forgery, altered the common law upon this subject? The act of 1807, ch. 74, sec. 4, declares horse-stealing to be felony; and the act of 1811, ch. 1, sec. 2, declares the forgery laid in the indictment, felony; but neither of the crimes are capital for the first offence.
It struck us with some force in the first instance, when considering these statutes, that the defendant, if found guilty, is ordered to pay for the horse stolen and the costs of the prosecution. But it will readily occur, that the plea in bar is an admission of the facts alleged in the indictment; *127 there having been no plea of not guilty over; therefore, the costs and value of the horse stolen, could be awarded by the court in the same manner as if the defendant had pleaded guilty; yet by law his plea was a good one in bar of any further prosecution on the first and second indictments. The demurrer must be overruled, the defendant taxed with the costs of the prosecutions, up to the time of filing said pleas; the state with the residue of the costs and the costs of the court.
Judgment reversed.